# DECISIONS

OF THE

# Court of Appeals of Kentucky

## SEPTEMBER TERM, 1911.

### The Higgins Manufacturing Co. v. Griesinger's Administrator.

(Decided October 18, 1911.)

Appeal from Campbell Circuit Court.

1. Master and Servant—Infant Servant—Dangerous Employment.—Under Section 331a Ky. St., an infant under sixteen years of age may not be allowed to adjust a belt to machinery, and all dangerous set screws must be guarded where practicable.

2. Same—Death of Servant—Liability of Master.—The master is liable for the death of an infant under sixteen who was caught by a dangerous unguarded set screw, in the course of his employment in the master's factory.

TABER & WARREN for appellant.

PHIL J. RYAN, THOS. L. MICHIE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Albert Griesinger, who was between 14 and 15 years old, was killed in the factory of the Higgins Manufacturing Company on October 2, 1905, and this action was brought by his administrator to recover for his death. On a trial of the case before a jury on January 13, 1911, there was a verdict and judgment in favor of the plaintiff for $1,200. The defendant appeals.

The boy worked in the basement at a machine used for drilling nuts, which was operated by a belt from shafting which stood about five feet 6 inches from the floor. The boy was about 4 feet 6 inches high. He got

upon a barrel to put the belt on a pulley to operate his machine when they were starting up in the morning, the establishment having been shut down for about two weeks. While he was doing this an unguarded set screw in the shafting caught in his clothes, and he was thus whirled around with the shafting until he was killed. The proof for the boy was to the effect that the boss told him to go to work at the machine. The belt was off and had to be put on before he could go to work, and so the first thing he did was to get on a barrel and try to put the belt on. It had been usual for him to put the belt on, and other employes who worked on the same and similar machines who were boys like him, put the belts on habitually. Such was the proof for the plaintiff. On the other hand, the proof for the defendant was to the effect that the boy had been charged not to put on the belt, and had been told to call on a certain man in the shop to put it on for him. The court gave the jury these two instructions:

"1. The jury are instructed that if they believe from the evidence, that plaintiff's intestate, Albert Griesinger, was fatally injured on the 2nd day of October, 1905, while in the employment of defendant company, and that under such employment, it was part of his duties to place the belt on the pulley, as described in the evidence and that on the shafting to which the said pulley was attached, there was a set screw projecting, and by defendant, its officers, or agents, suffered to remain uncovered and unguarded, rendering it dangerous to place said belt on said pulley, and that defendant, through its officers and agents, failed to exercise ordinary care under the circumstances, in suffering said set screw to remain uncovered or unguarded, and as a direct result of such lack of care, if any, plaintiff's intestate met his death, the jury will find for plaintiff; otherwise, they will find for the defendant.

"2. If the jury believe from the evidence that it was not the duty of Albert Griesinger to put on said belt, but that said Albert Griesinger on said 2nd day of October, 1905, voluntarily attempted to put on said belt, in disobedience of instructions and warnings given to him by defendant, and while so attempting to put on said belt, was injured, they shall find for the defendant."

The verdict of the jury was a finding that it was a part of the boy's duty to place the belt on the pulley,

and that the defendant had failed to exercise ordinary care in suffering the set screw to remain unguarded. The instructions were more favorable to the defendant than they should have been. Subsections 11 and 12, section 331a, Kentucky Statutes, provides:

"No child under the age of sixteen years shall be employed at sewing belts, or to assist in sewing belts, in any capacity whatever, nor shall any child adjust any belt to any machinery." (Subsection 11.)

"It shall be the duty of the owner of any manufacturing establishment, where any person under sixteen years of age is employed, his agents, superintendents or other persons in charge of same, to furnish and supply, when practicable, or cause to be furnished and supplied to him, belt shifters or other safe mechanical contrivance for the purpose of throwing belts on or off pulleys, and, whenever practicable, machinery therein shall be provided with loose belts. All vats, pans, saws, planes, cogs, gearing, belting, set screws and machinery of every description therein, which is palpably dangerous, where practicable, shall be properly guarded." (Subsection 12.)

Under the statute it was not lawful that the boy, being under 16 years of age, should be allowed to adjust a belt to any machinery. The defendant had furnished no belt shifter or other safe mechanical contrivance for the purpose of throwing belts on or off; the set screw was palpably dangerous; it was practicable to guard it and it was wholly unguarded. On the facts shown, the defendant was properly held liable.

Judgment affirmed.